UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA TARRANT,

    Plaintiff,

v.

Case No. 19-13127
Honorable Victoria A. Roberts
Mag. Judge R. Steven Whalen

HAVENPARK CAPITAL PARTNERS LLC,
HEARTLAND COMMUNITIES LLC,
GERALD VAN TASSEL and
HEARTLAND LIVING LLC,
Jointly and serverally,

    Defendants.
_____/

## **SHOW CAUSE ORDER**

On October 24, 2019, Pamela Tarrant ("Plaintiff") filed this case in Genesee County Circuit Court against Havenpark Capital Partners, LLC ("Havenpark"), Heartland Communities, LLC. ("Heartland Communities"), Gerald Van Tassel ("Van Tassel"), and Heartland Living, LLC ("Heartland Living"; collectively, "Defendants"). Defendants removed the case to this Court on the basis of diversity jurisdiction.

When a case is removed based on diversity jurisdiction, the Court "must determine whether complete diversity exists at the time of removal." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). Diversity

1

jurisdiction under 28 U.S.C. § 1332 exists only if "all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (citation omitted). The party asserting diversity jurisdiction has the burden to establish it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Coyne*, 183 F.3d at 493.

Defendants have not established that complete diversity exists under § 1332; Defendants fail to properly allege the citizenship of the parties and do not state that the amount in controversy satisfies the jurisdictional amount.

Defendants failed to properly allege the citizenship of Tarrant and Van Tassel. To satisfy diversity jurisdiction, a party must allege an individual's *citizenship*, not that the individual is a "resident" of a particular state. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399-400 (1925); *Walker v. Iverson*, 509 Fed. Appx. 394, 395-96, n.1 (6th Cir. 2012) ("It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state.") (citation omitted). To properly allege an individual's "citizenship," Defendants must establish his or her "domicile." *See Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist.*, 47 Fed. Appx. 726, 728 (6th Cir. 2002). "To acquire a domicile within a particular state, a person must be physically

present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id.* Defendants must properly allege the citizenship of Tarrant and Van Tassel.

Defendants also failed to properly allege the citizenship of the following limited liability companies: Havenpark, Heartland Communities, and Heartland Living. For diversity jurisdiction purposes, "limited liability companies 'have the citizenship of each partner or member.'" *V & M Star, LP v. Centimark Corp.,* 596 F.3d 354, 356 (6th Cir. 2010) (quoting *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that "because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well")). Defendants must identify and properly allege the citizenship of every member and sub-member (if any) of Havenpark, Heartland Communities, and Heartland Living.

Further, Defendants do not allege that its case satisfies the jurisdictional amount, "inclusive" of interest, costs and fees." Under 28 U.S.C. § 1332, the Court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, **exclusive** of interest

3

and costs, and is between . . . citizens of different States." § 1332(a)(1) (emphasis added).

Defendants must show cause, in writing, by **November 6, 2019** why the Court should not remand this case for lack of subject matter jurisdiction.

**IT IS ORDERED**.

S/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: October 31, 2019

4